FITZHUGH *v.* HACKLEY.

Opinion delivered January 4, 1902.

ATTACHMENT—INTERVENTION—RELEASE OF PROPERTY—LIABILITY OF SHERIFF.—A sheriff is not protected in delivering attached property to a claimant thereof who fails to give the bond in double the value of the property, and conditioned as required by Sand. & H. Dig., § 407.

Appeal from Hot Spring Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Affirmed.

In an action by E. F. Hackley against Dan Wetzel and E. H. Vance, Jr., as administrator of the estate of George Sellinger, certain property was levied upon by B. C. Fitzhugh, sheriff, as the property of defendants. Jesse M. Grubs filed a claim of ownership of the property, and executed a bond in the following language (omitting the caption) viz: "We undertake and are bound to the plaintiff, E. F. Hackley, in the sum of eighty dollars, that Jesse M. Grubs shall perform the judgment against him as interpleader herein. Jesse M. Grubs. E. H. Vance, Jr." Fitzhugh turned the property over to Grubs, and made return of the writ of attachment showing the above facts. Subsequently judgment was rendered in favor of plaintiff against defendants for the recovery of the debt sued on and sustaining the attachment, and the sheriff was ordered to sell the attached property. In response to the court's order, Fitzhugh set up the above facts, and that the intervener, Grubs, had removed the property from the court's jurisdiction, and asked that he be discharged with costs. The court adjudged that the response of Fitzhugh be dismissed, and that the plaintiff recover his costs in this behalf expended. Fitzhugh has appealed.

*M. M. Duffie* and *E. H. Vance, Jr.,* for appellant.

The dismissal of the response and judgment for any amount against Fitzhugh was wrong.    Sand. & H. Dig., §§ 4771, 372, 406; 27 Ark. 1; 33 Ark. 108; 37 Ark. 528; 38 Ark. 329; 17 La. An. 314; 49 Ark. 279.

BUNN, C. J.    In response to an order of the Hot Spring circuit court, B. C. Fitzhugh, ex-sheriff of said county, showed that on December 4, 1893, the property involved was released from the attachment by him to J. M. Grubs, intervener in the suit, on said intervener's making the proper affidavit and giving bond, and he made said bond an exhibit and part of said response.    To this response the plaintiff demurred, and the case was tried on its merits by the  circuit  judge  sitting  as a jury, along with the demurrer, and judgment was given against the sheriff on the insufficiency of his response, and he appealed to this court.

The bond exhibited with the response, which was the testimony in behalf of the sheriff, does not show a compliance with the law on the part of the sheriff.    In such cases the statute provides that the person—not a party to the writ of attachment—must make oath to the property, and the same will be delivered to him on his giving bond in favor of the plaintiff, with security to be approved by the sheriff, in a sum double the value of the property attached, which value shall be ascertained by the oaths of two citizens of the county wherein the writ is levied, to be chosen by the sheriff. Section 406, Sand. & H. Dig. Section 407, *ib.,* provides, that "such bond shall be conditioned that the said claimant will interplead at the term of the court to which said writ shall be returnable; that he will prosecute such interpleader to judgment without delay, and if, on the trial of such interpleader, the said property shall be found to be the property of the defendant in the writ, and the plaintiff shall recover judgment against said defendant, the property shall be delivered to said sheriff, or his successor in office, whenever demanded by such sheriff, after execution upon such judgment comes to his hands to be levied thereon.    In case the property so levied upon shall not be demanded as aforesaid, said bond shall have the force and effect of a judgment for the amount of the appraised value of such property and the costs of . the interplea," etc.    The respondent does not show that he took the bond from the intervener required by statute, and, as orders of attachment are given the same force and effect as executions levied

or to be levied, and are rated in the same way for all practical purposes as far as may be, the order of the court to sell attached property is a sufficient foundation to hold the sheriff for noncompliance with the statute in the matter of disposition of the property in the first instance.

Section 372 of Sand. & H. Dig., or the "intervening statute," as it is sometimes called, does not properly apply to a case like this, for it does not authorize the release of the property; and section 343 applies only to persons in possession of the attached property.

In taking the bond from the intervener the sheriff failed to take such bond as is provided for by statute, and, that being so, he had no right to release the property. The statute (secs. 406, 407, Sand. & H. Dig.) contemplates that the bond be given to and acted upon by the sheriff, not the court, and this appears to have been the procedure in this case. The court made no order as to the delivery of the property, if, indeed, it could have done so. The bond was apparently given to the sheriff, as it would have been under the interpleader statute. But it was defective in form. It did not have the force and effect of judgment. It did not obligate the intervener to return the property to the sheriff or his successor in office. No valuation of the property seems to have been made, and for other defects it was insufficient under the statute.

It appears that said interpleader was never tried on its merits, but was dismissed, and no appeal appears to have been taken from said order of dismissal. It further appearing that final judgment was rendered in favor of the plaintiff, the judgment of the circuit court in the matter of the response of the sheriff to the order thereof must be affirmed, and it is so ordered.